UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-82-FDW

| | |
|---|---|
| JOSHUA GLENN MCRAVION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TIFFANY GENTRY CLINE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has been granted in forma pauperis status. (Doc. No. 5).

**I.    BACKGROUND**

According to the allegations in his pro se Complaint, Plaintiff Joshua Glenn McRavion is a pre-trial detainee, currently incarcerated at Piedmont Correctional Institution in Taylorsville, North Carolina, facing pending charges in state court for assault with a deadly weapon with intent to kill inflicting serious injury and possession of a firearm by a felon. Plaintiff filed this action on May 12, 2017, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Tiffany Gentry Cline, identified as a detective with the Lincolnton Police Department; (2) Dennis Harris, identified as a Sergeant with the Lincolnton Police Department; and (3) Micha J. Sanderson, identified as an Assistant District Attorney for Lincoln County. (Doc. No. 1 at 1-2). In his complaint, Plaintiff alleges the following:

> On 5-10-2015 the plaintiff was shot and upon my having the bullet removed from my arm I gave a statement to Det. Cline about my being robbed on my walk home from work. Det. Cline never investigated my claim thus violating my 14th Amendment Equal Protection of laws. I was always treated as a criminal once the detective looked into my criminal history. (2) On 5-12-2015 Sgt. Dennis Harris

1

used the parole probation office to conduct a warrantless search of my home which is on private property so warrant would've been necessary for city officers, which violated my Fourth Amendment rights against unlawful search and seizures because Lincoln City Police took me into custody thus showing jurisdiction of search which was a ploy by Detective Cline and Sgt. Dennis Harris to get me into custody. The misdemeanor possession charges were dropped but I was kept in custody. (3) On 5-12-2015 Detective Cline took me to the magistrate and had me charged with assault with a deadly weapon with intent to kill inflicting serious injury. Possession of firearm by felon, this was done because Det. Cline knowingly took a statement from Macy Walker who signed the statement under the name of Destiny Martinez which is the eyewitness statement that has been used to keep me in custody. Sgt. Dennis Harris never intervened when Det. Cline did this blatant act of obstruction of justice further violating my rights of equal protection of law, thus violating (G.S. 14-225) and the North Carolina Law of the Land clause. (4) Since 5-12-2017 Assistant District Attorney Micha J. Sanderson has held me on the charges knowing that my rights had been violated by Det. Cline and Sgt. Harris. I filed for my speedy trial (18) eighteen months after I had been in custody to show good faith was never granted my speedy trial. To date it has been two years this case has been pending. Asst. DA Sanderson has violated my Sixth Amendment rights to speedy trial. Also my 8th amendment rights to be free of cruel and unusual punishment malicious prosecution falls within the scope of the Eighth Amendment. (5) Det. Cline submitted a fraudulent confession that her (Det. Cline) says came from me. I have maintained my innocence and deny ever making such a statement. This further shows how the above named Defendants are in collusion of violating my 6th, 8th, and 14th Amendment rights. Wrongful imprisonment as well.

(Id. at 2-3). Plaintiff seeks declaratory and injunctive relief, as well as punitive and compensatory damages. (Id. at 3).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

2

granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Here, Plaintiff is essentially challenging pending state court charges against him. This Court will abstain from interfering with the state court proceedings under the principles announced in Younger v. Harris, 401 U.S. 37, 43-44 (1971) (finding that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding). Accord Hamilton v. Ninth Judicial Circuit Court of Charleston Cnty., No. 2:17-CV-921-MBS-MGB, 2017 WL 2373217, at *3 (D.S.C. May 3, 2017), report and recommendation adopted, No. CV 2:17-0921-MBS, 2017 WL 2362387 (D.S.C. May 31, 2017) ("In the ongoing state prosecution, Plaintiff will have a sufficient opportunity to raise the issue of alleged violation of his Fourth Amendment rights by bringing an appropriate motion challenging the validity of the search. If he believes the state court has not properly decided his speedy trial motion, he may pursue an appeal or other remedies in state court."); Gardner v. Lenoir Cnty. Sheriff's Office, No. 4:14-CV-66-FL, 2015 WL 3852956, at *5 (E.D.N.C. June 22, 2015) ("To the extent plaintiff's claims contest the legality of the criminal proceedings pending against him,

3

the court finds that such claims are barred pursuant to principles of abstention established by Younger v. Harris, 401 U.S. 37 (1971).") (collecting cases applying Younger abstention).[1] Furthermore, to the extent that Plaintiff has named as a Defendant the prosecutor who brought the charges against him, Defendant Sanderson is entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976).

For all these reasons, the Court will dismiss this action without prejudice.

### IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. The Clerk is directed to close this case.

Signed: June 21, 2017

_____
Frank D. Whitney
Chief United States District Judge

---

[1] As to his Speedy Trial Act claim, Plaintiff alleges that he "filed for my speedy trial (18) eighteen months after I had been in custody to show good faith was never granted my speedy trial," but he has not alleged that he has exhausted his speedy trial claim with the North Carolina appellate courts. See Cave v. Royster, No. CIV.A. 0092638HFFPJG, 2009 WL 3835036, at *5 (D.S.C. Nov. 16, 2009) ("Plaintiff can file motions in state court seeking dismissal of the charges and release for speedy trial and/or double jeopardy violations or seeking suppression of evidence obtained in violation of his constitutional rights. If the trial court denies such motions, he can raise such denial as a ground for relief in a direct appeal.").